**McGLINCHEY STAFFORD**
John Calvagna (SBN 182609)
Sanford P. Shatz (SBN 127229)
Hassan Elrakabawy (SBN 248146)
8001 Irvine Center Drive, Suite 400
Irvine, California 92618
Telephone:   (949) 381-5900
Facsimile:   (949) 271-4040
Email:        jcalvagna@mcglinchey.com
              sshatz@mcglinchey.com
              helrakabawy@mcglinchey.com

Attorneys for Defendants **SELECT PORTFOLIO SERVICING, INC. and BANK OF NEW YORK MELLON formerly known as THE BANK OF NEW YORK, as trustee, on behalf of the holders of the Alternative Loan Trust 2005-76, Mortgage Pass-Through Certificates Series 2005-76 (erroneously named as "Bank Of New York Mellon, A New York Corporation")**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BUTLER,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, A DELAWARE CORPORATION, dba AMERICA'S WHOLESALE LENDER; SELECT PORTFOLIO SERVICING, INC., A UTAH CORPORATION; BANK OF NEW YORK MELLON, A NEW YORK CORPORATION and DOES 1 through 10,<br><br>Defendants. | Case No.: 14CV-0898-JFW (JCGx)<br><br>Hon. John F. Walters<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 12(b)(6) BY DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND BANK OF NEW YORK; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Filed concurrently with [Proposed] Order]*<br><br>**DATE:**   April 7, 2014<br>**TIME:**    1:30 p.m.<br>**CTRM:**<br><br>State Court Case:  BC531232<br>Action Filed:   December 30, 2013<br>Trial Date:      NA |

## TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

1

457073.1

1    **PLEASE TAKE NOTICE** that on April 7, 2014, at 1:30 p.m., or as soon

2    thereafter as the matter may be heard in Courtroom 16 of the United States District

3    Court for the Central District of California located at 312 N. Spring Street, Los

4    Angeles, CA, 90012, Defendants SELECT PORTFOLIO SERVICING, INC. ("SPS")

5    and BANK OF NEW YORK MELLON formerly known as THE BANK OF NEW

6    YORK, as trustee, on behalf of the holders of the Alternative Loan Trust 2005-76,

7    Mortgage Pass-Through Certificates Series 2005-76 (erroneously named as "Bank Of

8    New York Mellon, A New York Corporation") ("BONY") (collectively

9    "Defendants") will move to dismiss Plaintiff's  Complaint ("Complaint" or "Com.")

10   and the first cause of action for fraud, second cause of action for negligent

11   misrepresentation, third cause of action for breach of fiduciary duty, fourth cause of

12   action for breach of the covenant of good faith and fair dealing, fifth cause of action

13   for violation of Business and Professions Code section 17200 et seq. and sixth cause

14   of action for injunctive relief on the grounds that the Complaint fails to state any

15   legally cognizable claim upon which relief may be granted against Defendants

16   pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), and for such other and

17   further relief as the Court deems just and proper.

18        Pursuant to Local Rule 7-3 and the Court's order, counsel for Plaintiff and

19   moving Defendants have met and conferred by email exchanges on February 12, 2014

20   and February 20, 2014, and by telephone conference calls occurring on February 27,

21   2014 and March 3, 2014.  Counsel discussed in detail the substance of the claims

22   asserted in the Complaint, the legal basis therefore, Defendants' contention as to why

23   the claims are defective and subject to motion to dismiss and Plaintiff's contention as

24   to why the claims are legally tenable as alleged.   Counsel agreed that a good faith

25   disputes exists as the viability of the Complaint and the grounds for the present

26   motion and that further efforts to meet and confer regarding a motion to dismiss would

27   narrow any dispute.

28

NOTICE OF MOTION AND MOTION TO DISMISS – CASE NO. 14CV-0898-JFW (JCGx)

457073.1

1    This Motion is based upon this Notice of Motion and Motion, the Memorandum

2  of Points and Authorities, the [Proposed] Order, and such other and further oral and

3  documentary evidence as may be presented at the hearing of the Motion.

4

5  DATED:  March 7, 2014                    **McGLINCHEY STAFFORD**

6

7                                           By:   /s/  John Calvagna
                                              JOHN CALVAGNA
8                                             SANFORD P. SHATZ
                                              HASSAN ELRAKABAWY
9                                           Attorneys for Defendants **SELECT**
                                            **PORTFOLIO SERVICING, INC. and**
10                                          **BANK OF NEW YORK MELLON**
                                            **formerly known as THE BANK OF NEW**
11                                          **YORK, as trustee, on behalf of the holders**
                                            **of the Alternative Loan Trust 2005-76,**
12                                          **Mortgage Pass-Through Certificates Series**
                                            **2005-76**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION TO DISMISS – CASE NO. 14CV-0898-JFW (JCGx)**

457073.1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff Michael Butler ("Butler") obtained a $975,000 refinance loan in 2005, and then defaulted on his obligations in 2008.  Since that time, Butler has engaged in a series of loan modification attempts and filed for bankruptcy.  Having not paid his loan, Butler now faces foreclosure and has filed the present suit seeking to delay the process.  Butler sues the holder of the loan, BONY, and the loan servicer, SPS, arguing that the 2005 loan was procured by fraud and that a foreclosure will occur as his most recent loan modification application has been denied.  Butler also asserts that he was promised a loan modification by a prior loan servicer, but he fails to allege that the promised modification was in a written agreement or terms of the alleged promised modification.

Butlers claims fails as matter of law.  His misrepresentation claims are based on the loan's origination which occurred over eight years before this suit was filed.  They lack specific averments required for fraud and are clearly timed barred by the applicable three-year statute of limitations.  Butler's claim for breach of fiduciary duty also fails as BONY and SPS are not his fiduciary.  Similarly, Butler asserted claim for breach of the covenant of good faith and fair dealing fails as his asserting that he was promised a loan modification is barred by the statute of frauds as there is no written agreement.  Further, Butler does not allege specific terms which could be enforced.  The final causes of action for violation of California's Unfair Competition Law and injunctive relief are derivate of the previous flawed claims and thus fail.

Defendants respectfully request that the Court dismiss the entire action.

### II.   SUMMARY OF FACTS

Butler alleges he obtained a refinance mortgage loan of $975,000, on October 11, 2015. (Cmpl ¶¶9-10).   He asserts he requested a 30 year amortized loan at the then current interest rate.  However, Butler contends that his TILA Disclosures showed a variable rate loan with changing interest rates.  (Compl. ¶¶13-16).  Butler

1

1    alleges that he was unaware his initial loan payment would not cover interest

2    payments and that he was told if he had questions about the loan he could refinance

3    later.  (Compl. ¶¶16-18).

4         Butler admits he defaulted on his loan in 2008.  (Cmpl. ¶19).

5         Butler acknowledges that he could not bring his loan current and then sought

6    loan modification assistance.  However, he filed for bankruptcy in March 2011, as he

7    could not pay his mortgage.  (Cmpl¶¶ 20-22).

8         After bankruptcy, Butler asserts he was promised a loan modification by co-

9    defendant Bank of America, but before loan modification documents could be

10   prepared, loan servicing was transferred to SPS which rejected a loan modification.

11   (Cmpl. ¶¶23-24).

12        Butler asserts he continued in loan modification efforts with SPS, but that his

13   loan modification application was denied and he now faces foreclosure.  (Cmpl. ¶¶25-

14   28).

15        Butler filed suit on December 30, 2013, in state court suing SPS and BONY for:

16   1) fraud, 2) negligent misrepresentation; 3) breach fiduciary duty; 4) breach of the

17   covenant of good faith and fair dealing; 5) violation of California's Unfair

18   Competition Law ; and 6) injunctive relief.  The matter was removed this court based

19   on diversity jurisdiction.

20   **III.    THE COURT MAY GRANT A MOTION TO DISMISS BROUGHT**

21          **UNDER FRCP 12 (b)(6) FOR FAILURE TO STATE A CLAIM**

22        Courts must dismiss a complaint for failure to state a claim upon which relief

23   can be granted.  Federal Rules of Civil Procedure (Fed. R. Civ. P.), Rule 12(b)(6).  "A

24   Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block,* 250

25   F.3d 729, 732 (9th Cir. 2001).  The Supreme Court has held that "[t]o survive a

26   motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

27   to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662,

28   679 (2009).  "But where the well-pleaded facts do not permit the court to infer more

2

1  than the mere possibility of misconduct, the complaint has alleged — but has not

2  'show[n]' — that the pleader is entitled to relief" (emphasis added). *Id.* at 1950.  In

3  addition, "[d]ismissal can be based on the lack of a cognizable legal theory or the

4  absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v.*

5  *Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

6  **IV.  BUTLER'S FIRST AND SECOND CAUSES OF ACTION FOR FRAUD**

7  **AND NEGLIGENT MISREPRESENTATION FAIL AS THEY ARE**

8  **TIME-BARRED AND LACK THE REQUIRED SPECIFICS**

9  Feldman's first cause and second causes of action are for fraud and negligent

10  misrepresentation and arise for the origination of his loan in October 2005.  Butler

11  asserts that he wanted fixed loan but received a variable rate product where payments

12  did not cover interest due. (Cmpl. ¶¶ 13-16).  However, Butler admits that he had

13  TILA Disclosures which showed changing loan payments with increased payments

14  over time.  (Cmpl. ¶14).  Butler also admits that the note he signed had interest rates

15  different than the TILA Disclosures and that the note disclosed there would be

16  changes in the interest rate based on an index. (Cmpl. ¶15).  Butler also asserts that

17  he defaulted in 2008 and then sought assistance.  (Cmpl. ¶19).  He filed this

18  complaint on December 30, 2013 – **over eight years after the loan funded.**

19  Fraud requires that the plaintiff show:  (1) a misrepresentation; (2) knowledge

20  of falsity; (3) intent to defraud or induce reliance; and (4) actual reliance by the

21  plaintiff. Civ. Code section 1709; *Conroy v. Regents of University of California*,  45

22  Cal.4th 1244, 1255 (2009).  Negligent misrepresentation is species of fraud and

23  requires averments of:  (1) a misrepresentation of a past or existing material fact, (2)

24  without reasonable grounds for believing it to be true, (3) with intent to induce

25  another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable

26  reliance thereon by the party to whom the misrepresentation was directed, and (5)

27  damages. *Fox v. Pollack*, 181 Cal.App.3d 954, 962 (1986).

28

3

**NOTICE OF MOTION AND MOTION TO DISMISS – CASE NO. 14CV-0898-JFW (JCGx)**

457073.1

1    The statutes of limitation for fraud and negligent misrepresentation are three

2    and two years respectively.  *Ventura County Nat. Bank v. Macker*,  49 Cal.App.4th

3    1528, 1530-1531 (1996).

4    The statute of limitations on a claim begins to run when the plaintiff "at least

5    suspects a factual basis, as opposed to a legal theory" of some wrongdoing, and has

6    "reason to suspect when he has notice or information of circumstances to put a

7    reasonable person on inquiry." *Norgart v. Upjohn Co.*, 21 Cal.4th 383, 397–98 (1999)

8    (internal citations and quotations omitted).  It is not relevant to the accrual of the cause

9    of action that an attorney or expert has not yet reviewed the facts or advised the

10   plaintiff. *Id.* at 398.  The burden is on a plaintiff seeking to avoid the effect of the

11   limitations bar to plead specific facts demonstrating: "(1) the time and manner of

12   discovery [of the facts underlying the claim] and (2) the inability to have made earlier

13   discovery despite reasonable diligence." *E–Fab, Inc. v. Accountants, Inc. Services*,

14   153 Cal.App.4th 1308, 1324 (2007). Conclusory allegations will not avoid a

15   dispositive motion. *Id.*

16   In this case, Butler admits that his loan documents did not comport with his

17   expressed desire for fixed rate loan.   The loan documents were executed by Butler

18   and the loan closed in October of 2005.   Butler also admits that he defaulted under the

19   loan in 2008 – over five years before the current action was brought.   Under

20   California law, one who signs a contract "cannot complain of unfamiliarity with the

21   language of the instrument." *Madden v. Kaiser Foundation Hospitals*, 17 Cal.3d 699,

22   710 (1970), *accord Pac. State Bank v. Greene*, 110 Cal.App.4th 375, 393 (2003).

23   Butler's misrepresentation claims are time-barred as a matter of law.

24   Claims for fraud are subject to the heightened pleading standards of Fed. R.

25   Civ. P., Rule 9(b) where a plaintiff must allege with specificity, the who, what, when

26   and where of a misrepresentation based claim. *Sebastian Int'l, Inc. v. Russolillo*, 128

27   F.Supp.2d 630, 634-35 (C.D. Cal. 2001).  A plaintiff must differentiate their

28   allegations when suing more than one defendant . . . and inform each defendant

4

457073.1

1  separately of the allegations surrounding his alleged participation in the fraud."

2  *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007).

3        Butler's complaint provides none of the required specificity for fraud base

4  claim.   We are not told who made misrepresentations to Butler or the factual basis of

5  the misrepresentation.

6        The first and second causes of action are inadequately pled.

7  **V.    THE THIRD CAUSE OF ACTION FOR BREACH OF FIDCUAIRY**

8        **FAILS AS SPS AND BONY ARE NOT BUTLER'S FIDUCIARIES**

9        The third cause of action is for Breach of Fiduciary Duty based on the alleged

10 loan origination and loan modification discussions between the parties.  It is well

11 established that a lender owes no such duty to a borrower.  A lender or creditor is not

12 a borrower's fiduciary and does not owe the borrower a fiduciary's duty of care.

13 *Nymark v. Heart Fed. Sav. & Loan Ass'n.*, 231 Cal.App.3d 1089, 1092 (1991) ["a

14 financial institution acting within the scope of its conventional activities as a lender of

15 money owes no duty of care to a borrower in preparing an appraisal of the security for

16 a loan when the purpose of the appraisal simply is to protect the lender by satisfying it

17 that the collateral provides adequate security for the loan].   Further, it has been held

18 that lender does not even owe a negligence duty to borrower in loan modification

19 discussions.  Thus, no duty could be breached by loan modification discussions, much

20 less a non-existent fiduciary duty. *See, Lueras v. BAC Homes Loans Servicing, LP*,

21 2013 WL 5848859 (4th Dist, Div. 3 Oct. 31, 2013).   Accordingly, Butler's claim

22 fails and the motion should be granted as to the third cause of action.

23 **VI.   THE FOURTH CAUSE OF ACTION FOR BREACH OF THE**

24       **COVENANT OF GOOD FAITH AND FAIR DEALING FAILS UNDER**

25       **THE STATUTE OF FRAUDS**

26       Butler's fourth cause of action for breach of the covenant of good faith and fair

27 dealing is based on her claims concerning an alleged promised loan modification by

28

**NOTICE OF MOTION AND MOTION TO DISMISS – CASE NO. 14CV-0898-JFW (JCGx)**

457073.1

1   Bank of America that was denied by SPS.    Butler admits there was never any written

2   agreement between himself and Bank of America.   (Cmpl. ¶¶23-24).

3          The complaint cannot assert a breach of the implied covenant as there can be no

4   agreement to modify the loan that is not in writing.  *See, Seacrest v. Security National*

5   *Mortgage Loan Trust 2002-2*, 167 Cal.App.4th 544-552.

6          The complaint is further flawed in that it provides no terms that were allegedly

7   breached.   There is no discussion of what the loan modification terms would be.  In

8   fact, Butler acknowledges that loan modification documents  were never prepared

9   setting forth any term.   "[I]t is universally recognized [that] the scope of conduct

10  prohibited by the covenant of good faith is circumscribed by the purposes and express

11  terms of the contract."  *Carma Developers (Cal.), Inc. v. Marathon Development*

12  *California, Inc.,* 2 Cal.4th 342, 373 (1992).  The implied covenant "cannot impose

13  substantive duties or limits on the contracting parties beyond those incorporated in the

14  specific terms of their agreement."  *Agosta v. Astor*, 120 Cal.App.4th 596, 607 (2004);

15  accord: *Guz v. Bechtel Nat'l, Inc.,* 24 Cal.4th 317, 349-50 (2000).  In particular, the

16  implied covenant cannot be stretched to prohibit a party from doing that which the

17  agreement expressly permits. *Carma Developers (Cal.), Inc.*, 2 Cal.4th at 374-75.

18         A financial institution owes no duty of care to a borrower where the

19  institution's involvement in the transaction does not exceed the scope of its role as a

20  mere lender of money. *Nymark v. Heart Federal Sav. & Loan Ass'n.*, 231 Cal.App.3d

21  1089, 1096 (1991).  "A debt is not a trust and there is not a fiduciary relation between

22  debtor and creditor as such.  The same principle should apply with even greater clarity

23  to the relationship between a bank and its loan customers." *Downey v. Humphreys*,

24  102 Cal.App.2d 323, 332 (1951); *see also Kim v. Sumitomo Bank*, 17 Cal.App.4th

25  974, 981 (1993); and *Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 476 (1989).

26  Defendants do not owe any duties, fiduciary or otherwise, to Feldman.

27         A valid claim for breach of the implied covenant of good faith and fair dealing

28  requires factual allegations supporting five elements:

NOTICE OF MOTION AND MOTION TO DISMISS – CASE NO. 14CV-0898-JFW (JCGx)

457073.1

1    (1) the existence of a contract; (2) the plaintiff did all, or

2    substantially all, of the significant things the contract

3    required; (3) the conditions required for the defendant's

4    performance had occurred; (4) the defendant unfairly

5    interfered with the plaintiff's right to receive the benefits of

6    the contract; and (5) the plaintiff was harmed by the

7    defendant's conduct.

8    *Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 96261, *13 (C.D. Cal.

9    Sept. 14, 2010). Plaintiffs do not allege any of the above elements.

10   In this case, Butler alleges no facts to show the nature or extent of the alleged

11   implied terms, Defendants' knowledge of those terms, how the terms were breached.

12   This claim must be dismissed.

13   **VII.  THE FIFTH CAUSE OF ACTION FOR VIOLATION OF BUSINESS &**

14   **PROFESSIONS CODE SECTION 17200 FAILS AS IT IS A**

15   **DERIVATIVE CALIMS AND SPS AND BONY DID NOT**

16   **UNLAWFULLY, UNFAIRLY OR FRAUDULENTLY**

17   Butler's fifth cause of action is a general claim under California's Business and

18   Professions Code section 17200 ("UCL"). Butler has not alleged sufficient facts to

19   plead any unlawful, unfair, or fraudulent conduct. He lacks standing to assert this

20   claim.

21   Initially, Butler lacks standing to pursue this claim. After Proposition 64,

22   standing to pursue an unfair competition claim is limited to certain specified public

23   officials and to any person who "has suffered injury in fact and has lost money or

24   property as a result of such unfair competition." *Peterson v. Cellco Partnership*, 164

25   Cal.App.4th 1583, 1590 (2008) (citations omitted); Cal. Bus. & Prof. Code, § 17204.

26   "The phrase 'as a result of' in its plain and ordinary sense means 'caused by' and

27   requires a showing of a causal connection or reliance on the alleged

28   misrepresentation." *Hall v. Time, Inc.*, 158 Cal.App.4th 847, 855 (2008); *see also*

7

457073.1

*Laster v. T-Mobile United States, Inc.*, 407 F.Supp.2d 1181 (S.D. Cal. 2005) (no standing where plaintiffs did not allege they relied on allegedly false or misleading advertising). "A private plaintiff must make a twofold showing:  he or she must demonstrate injury in fact and a loss of money or property caused by unfair competition." *Peterson*, 164 Cal.App.4th at 1590; Cal. Bus. & Prof. Code, § 17204. Butler has not, and cannot, allege that he suffered injury in fact or lost money or property.  He obtained a loan for hundreds of thousands of dollars and defaulted.  the failure to repay the loan is caused by Butler – not Defendants.  There are no facts alleged to show that Defendants caused Butler any injury in fact or loss of money or property and he lacks standing to pursue this claim.  It should be dismissed.

Even if Butler has standing to pursue this claim, he has not alleged sufficient facts to support it.  A "violation of another law is a predicate for stating a cause of action under the UCL's unlawful prong." *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal.App.4th 1544, 1554 (2007).  "In effect, the UCL borrows violations of other laws . . . and makes those unlawful practices actionable under the UCL." *Lazar v. Hertz Corp.*, 69 Cal.App.4th 1494, 1505 (1999).  A claim for violation of the UCL stands or falls depending on the fate of antecedent substantive causes of action. *Krantz v. BT Visual Images*, 89 Cal.App.4th 164, 178 (2001).  Butler has not alleged facts to show that Defendants acted unlawfully.

He also has not alleged sufficiently that Defendants engaged in "unfair" conduct under California's Business and Professions Code section 17200.  "Unfair" conduct has been defined as conduct that "offends an established public policy or . . . is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Scripps Clinic v. Superior Court*, 108 Cal.App.4th 917, 939 (2003). When "determining whether the challenged conduct is unfair within the meaning of the unfair competition law . . . courts may not apply purely subjective notions of fairness." *Id.* at 941.  Rather, a plaintiff's claim under 17200, if based on some public policy, must be "tethered" to a specific constitutional, statutory, or regulatory

8

1    provision to find an objective basis for determining whether the alleged conduct is

2    unfair. *See id.* at 940. Plaintiff has not alleged any facts showing his claim under

3    17200 is "tethered" to a specific constitutional, statutory, or regulatory provision.

4           Plaintiff has not set forth a viable claim under the "fraudulent" prong of the

5    UCL. When allegations of fraud under section 17200 are made against corporate

6    defendants, the "requirements of specificity . . . requires the plaintiff to allege the

7    names of the persons who made the allegedly fraudulent representations, their

8    authority to speak, to whom they spoke, what they said or wrote, and when it was said

9    or written." *Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal.App.4th 153, 157

10   (1991). As already discussed, Plaintiff has not sufficiently pleaded any fact specifying

11   any fraudulent act.

12          A court may not allow a plaintiff to "plead around an absolute bar to relief

13   simply by recasting the claim as one for unfair competition." *Chabner v. United of*

14   *Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000). The plaintiff must also

15   plead a UCL claim with the requisite particularity. *See Khoury v. Maly's of*

16   *California, Inc.*, 14 Cal.App.4th 612, 619 (1993); *People v. McKale*, 25 Cal.3d 626

17   (1979) (holding "purely conclusory" allegations of UCL violations are "insufficient to

18   withstand demurrer").

19          The UCL claim fails.

20   **VIII.   THE SIXTH CAUSE OF ACTION IS FOR INJUNCTIVE RELIEF**

21   **        BASED ON THE PREVIOUSLY ASSERTED CLAIMS**

22          An injunction is remedy that must founded upon and underlying actionable

23   wrong. *McDowell v. Watson, 59 Cal.App.4th 1155, 1159 (1997); Cox Commc'ns*

24   *PCS, L.P. v. City of San Marcos, 204 F.Supp.2d 1272, 1283 (S.D.Cal.2002.* As set

25   forth previously in this brief, there is no actionable underlying wrong. Thus, an

26   injunction is not proper and subject to dismiss.

27

28

NOTICE OF MOTION AND MOTION TO DISMISS – CASE NO. 14CV-0898-JFW (JCGx)

457073.1

1

IX.     **CONCLUSION**

2
     There is no basis to the Complaint.  It should be dismissed.

3

DATED:  March 7, 2014                    **McGLINCHEY STAFFORD**

4

5

6
                                         By:__/s/__John Calvagna_____
                                         JOHN CALVAGNA
7                                        SANFORD P. SHATZ
                                         HASSAN ELRAKABAWY
8                                        Attorneys for Defendants **SELECT**
                                         **PORTFOLIO SERVICING, INC. and**
9                                        **BANK OF NEW YORK MELLON**
                                         **formerly known as THE BANK OF NEW**
10                                       **YORK, as trustee, on behalf of the holders**
                                         **of the Alternative Loan Trust 2005-76,**
11                                       **Mortgage Pass-Through Certificates Series**
                                         **2005-76**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION TO DISMISS – CASE NO. 14CV-0898-JFW (JCGx)**

457073.1

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**       )
                              )       **ss.**
**COUNTY OF ORANGE**          )

I, Marina Hegel, declare:

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 8001 Irvine Center Drive, Suite 400, Irvine, California 92618.

On March 7, 2014, I served the document(s) described as **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 12(b)(6) BY DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND BANK OF NEW YORK; MEMORANDUM OF POINTS AND AUTHORITIES** as follows:

☒      **BY MAIL**:  As follows:

    ☒      **FEDERAL** – I deposited such envelope in the U.S. mail at Irvine, California, with postage thereon fully prepaid,

☒      **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I caused said document(s) to be served by means of this Court's Electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF users set forth in the service list obtained from this Court.  Pursuant to Electronic Filing Court Order, I hereby certify that the above documents(s) was uploaded to the website and will be posted on the website by the close of the next business day and the webmaster will give e-mail notification to all parties.

☒      **FEDERAL:**  I declare that I employed in the office of a member of the State Bar of this Court at whose direction the service was made.

Executed on March 7, 2014, at Irvine, California.

_____
Marina Hegel

453341.1

**SERVICE LIST**
**United States District Court, Case No. 14CV0898-JFW (JCGx)**
**MICHAEL BUTLER v. BANK OF AMERICA, et al.**
**File # 104823.0048**

Douglas D. Kappler, Esq.
1865 Ventura Blvd., PMB 361
Tarzana, CA  91356

Attorneys    for    Plaintiff    **MICHAEL BUTLER**

Tel:  (310) 874-5321
Fax:  (661) 269-5321

Nicole King, Esq.
Bryan Cave
120 Broadway, Suite 300
Santa Monica, California  90401-2386

Attorneys for Defendant **BANK OF AMERICA, A DELAWARE CORPORATION, dba AMERICA'S WHOLESALE LENDER**

Tel:  (310) 576-2270
Fax:  (310) 260-7170
Email:  nicole.king@bryancave.com

453341.1